**FREEMAN MATHIS & GARY, LLP**
Paul Piantino III, Esq.
Christopher G. Donnelly, Esq.
Attorney ID No: 010661996 & 243352018
One Riverfront Plaza
1037 Raymond Boulevard, Suite 910
Newark, NJ 07102
(973) 536-0468
*Attorneys for Plaintiff,*
*Evanston Insurance Company*

**UNITED STATES DISCTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EVANSTON INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BURLINGTON INSURANCE COMPANY,**<br><br>**Defendant.** | **Civil Action No. 22-6580**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Evanston Insurance Company ("Evanston"), by and through its counsel, Freeman Mathis & Gary LLP, brings this Complaint for Declaratory Judgment against Defendant, The Burlington Insurance Company ("Burlington"), and alleges as follows:

**NATURE OF ACTION**

1. This declaratory judgment action arises from a negligence action entitled *Noe Da Silva v. Platinum Developers, LLC, et al.*, Superior Court of New Jersey, Essex County, Docket No.: L-3693/2020 ("Underlying Action"), in which Noe Da Silva ("Da Silva") alleged personal injury as a result of an accident that occurred on June 6, 2019 at 105 Atlantic Avenue and 109 Atlantic Avenue, Lakewood, New Jersey (the "Premises").

2. Platinum Developers, LLC ("Platinum"), the general contractor on the Premises, and Gomez Construction LLC ("Gomez"), the framing subcontractor, were named as defendants. A copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A.**

3. Gomez is a named insured under a primary general liability policy and an excess commercial policy issued by Evanston.

4. Platinum is a named insured under a primary general liability policy issued by Navigators Specialty Insurance Company ("Navigators") and an excess policy issued by Burlington.

5. Navigators is a New York corporation with a principal place of business in New York, and an insurer that is authorized to do business in the State of New Jersey.

6. In this action, Evanston seeks a declaration as follows: (i) the scope of coverage owed by Evanston in connection with its Additional Insured endorsement (ii) that the Burlington Excess Policy is triggered upon the exhaustion of the Evanston and Navigators Primary Policies; and (iii) that the excess policies issued by Evanston and Burlington must equally share in any indemnification owed to Platinum as an additional insured.

**PARTIES, JURISDICTION, AND VENUE**

7. Evanston is an Illinois corporation, with a principal place of business in Illinois, and an insurer that is authorized to do business in the State of New Jersey.

8. Burlington is a North Carolina corporation with a principal place of business in North Carolina, and an insurer that is authorized to do business in the State of New Jersey.

9. There exists an actual and justiciable controversy between and among the parties concerning their respective rights and obligations under certain policies of insurance with respect to the Underlying Action, pursuant to 28 U.S.C. § 2201.

10. The Underlying Action sought recovery of damages for significant and serious personal injuries to Da Silva. **Exhibit A.**

11. This Court possesses jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff Evanston and the Defendant Burlington are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of fees and costs, in connection with defense and indemnification of the Underlying Action.

12. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Evanston's claim occurred in this judicial district within the State of New Jersey, one or more parties reside, and/or conduct business in this district, and the Underlying Action is pending in a New Jersey state court in this district.

**THE UNDERLYING ACTION**

13. The Complaint in the Underlying Action, which was filed in 2020, alleges that Da Silva was working at the Premises on June 6, 2019, when he was caused to sustain personal injuries. See **Exhibit A.**

14. Platinum is the alleged general contractor for the work at the Premises.

15. Gomez is the alleged subcontractor hired by Platinum to perform the framing work on the Premises.

16. Gomez allegedly subcontracted the framing work on the Premises to ERS Construction, LLC ("ERS").

17. ERS is alleged to be the employer of underlying plaintiff Da Silva.

18. In the Underlying Action, Platinum asserts a crossclaim for contractual defense and indemnification against Gomez pursuant to an alleged subcontract entered into by the parties prior to the work on the Premises.

## THE GOMEZ SUBCONTRACT

19. On May 1, 2019, Gomez entered into a Subcontract with the owner of the Premises, Ridgeway Equities and Ridgeway Properties, to perform at several single-family homes, including the Premises. A copy of the Subcontract is attached hereto as **Exhibit B**.

20. The Subcontract requires that Platinum be named as an additional insured on the insurance coverage to be obtained by Gomez.

## THE INSURANCE POLICIES

### A. The Policies Issued to Platinum

**The Navigators Primary Policy Issued to Platinum**

21. Navigators issued a primary Commercial General Liability Policy to Platinum, with effective dates of August 26, 2018 to August 26, 2019, with limits of liability of $1,000,000 per occurrence and $2,000,000 in the aggregate (the "Navigators Primary Policy").

22. Navigators was providing a defense to Platinum in the Underlying Action under the Navigators Primary Policy.

**The Burlington Excess Policy Issued to Platinum**

23. Burlington issued a Commercial Excess Liability Policy to Platinum, with effective dates of August 26, 2018 to August 26, 2019, with limits of liability of $5,000,000 per occurrence and in the aggregate (the "Burlington Excess Policy").

24. The Burlington Excess Policy contains the following relevant policy language:

> 8. Other Insurance
>
> a. This insurance is excess over, and shall not contribute with any of the other insurance, whether primary, excess, contingent, or issued to an additional insured, or on any other basis. If the insured is named as or qualifies as an additional insured on any other policy, whether primary or excess, such other insurance is primary to this insurance and may not be applied to reduce or exhaust the "retained

> limit". The "retained limit" may be reduced or exhausted only by actual payment of the "retained limit" by the "controlling underlying insurer," the insured or the insured's estate.
>
> This condition will not apply to insurance specifically written as excess over this Coverage Part.
>
> When this insurance is excess, if no other insurer defends, we may undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

25. The Navigators Primary Policy is scheduled as underlying general liability policy to the Burlington Excess Policy.

26. The Burlington Excess Policy is subject to the same terms, conditions, agreements, exclusions and definitions as the Navigators Primary Policy except with regard to, *inter alia*, any provisions to the contrary contained in the Navigators Excess Policy.

**B. The Policies Issued to Gomez**

**<u>The Evanston Primary Policy Issued to Gomez</u>**

27. Evanston issued a primary Commercial General Liability Policy to Gomez, with effective dates of May 30, 2019 to May 30, 2020, with limits of liability $1,000,000 per occurrence and $2,000,000 in the aggregate (the "Evanston Primary Policy").

28. Evanston agreed to provide a defense to Platinum in the Underlying Action as a purported additional insured under the Evanston Primary Policy subject to a reservation of rights.

**<u>The Evanston Excess Policy Issued to Gomez</u>**

29. Evanston issued a Commercial Excess Liability Policy to Gomez, with effective dates of dates of May 30, 2019 to May 30, 2020, with limits of liability $5,000,000 per occurrence and in the aggregate (the "Evanston Excess Policy").

30. The Evanston Policy contains the following relevant provisions:

> SECTION IV. CONDITIONS
>
> If any of the following conditions are contrary to conditions contained in the "underlying insurance" the provisions contained in this policy apply.
>
> ***
>
> 3. Other Insurance
>
> This insurance is excess over any other valid and collectible insurance whether primary, excess, contingent or any other basis, except other insurance written specifically to be excess over this insurance.

31. Any additional insurance owed under the Evanston Excess Policy to Platinum would be excess over any coverage owed Platinum under both the Evanston and Navigators Primary Policies by virtue of the Other Insurance provision in the Evanston Excess Policy and under applicable New Jersey law.

32. Any additional insurance owed under the Evanston Excess Policy to Platinum would contribute equally with Burlington Excess Policy by virtue of the Other Insurance provision in the Evanston Excess Policy and under applicable New Jersey law.

**<u>COUNT ONE</u>**
**(Declaratory Judgment – Additional Insured Coverage)**

33. Evanston hereby incorporates by reference paragraphs 1 through 32 as if fully set forth herein at length.

34. The Subcontract between Gomez and Ridgeway provides that Platinum must be named as additional insured on Gomez's general liability and umbrella/excess policies.

35. Evanston provided a defense to Platinum in connection with the Underlying Action as an additional insured under the Evanston Primary Policy subject to a reservation of rights.

36. The Evanston Primary Policy contains an additional insured endorsement entitled Additional Insured – Owners, Lessors, Contractors – Scheduled Person or Organization, which states in relevant part:

> A. Section II – Who is An Insured is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
> 2. The acts or omission of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

37. The Evanston Primary Policy defines the word "You" to mean "any other person or organization qualifying as a Named Insured under this policy."

38. The coverage afforded to Platinum under both the Evanston Primary Policy and Evanston Excess Policy as an additional insured is limited to Platinum's liability "caused, in whole or in part, by" the acts or omissions of Gomez or those acting on Gomez's behalf.

39. By the plain terms of the Policy, there is no additional insured coverage for the liability of Platinum – Burlington's insured - caused by its independent negligence.

40. An actual and justiciable controversy exists between Burlington and Evanston regarding the scope of coverage afforded under the additional insured endorsement and whether Evanston must indemnify in connection with the claims made against Burlington's insured Platinum for its independent negligence in the Underlying Action.

41. Therefore, Evanston seeks a judicial determination as to the scope of additional insured coverage owed to Burlington's insured in the Underlying Action.

**COUNT TWO**
**(Declaratory Judgment – Priority of Coverage)**

42. Evanston hereby incorporates by reference paragraphs 1 through 41 as if fully set forth herein at length.

43. Navigators and Burlington issued commercial liability policies to Platinum.

44. To the extent that Evanston is determined to owe indemnification to Platinum as an additional insured in connection with the claims against it in the Underlying Action, the Navigators Primary Policy provides coverage upon the exhaustion of the limits of the Evanston Primary Policy.

45. Da Silva sought damages for his injuries in excess of the limits of the Evanston and Navigators Primary Policies.

46. Therefore, the Burlington Excess Policy is triggered upon the exhaustion of the Evanston and Navigators Primary Policies.

47. The Evanston Excess Policy and the Burlington Excess Policy must share equally in contributing to the indemnity of Platinum pursuant to the Other Insurance provisions of their respective policies.

48. Burlington has wrongfully refused to acknowledge its obligation to provide coverage to Platinum under the Burlington Excess Policy in connection with the claims made against it in the Underlying Action.

49. Burlington wrongly contends that its policy is excess to the Evanston Excess Policy.

50. An actual and justiciable controversy exists between Burlington and Evanston regarding whether Burlington must contribute equally with Evanston on their respective excess policies for the liability of Platinum in connection with the claims made against it in the Underlying Action.

51. Therefore, Evanston seeks a judicial determination and declaration that the Burlington Excess Policy is triggered upon the exhaustion of the Evanston and Navigators Primary Policies.

**WHEREFORE**, Plaintiff, Evanston Insurance Company, respectfully requests that this Honorable Court enter a judgment:

1. Declaring that the Burlington Excess Policy is triggered upon the exhaustion of the Navigators and Evanston Primary Policies;

2. Declaring that the Burlington and Evanston Excess Policies must share equally to indemnify Platinum for any such liability; and

3. For such other and further relief as the Court deems just and proper.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

The undersigned hereby certifies that, to the best of his knowledge, the matter in controversy is not subject to any other action pending in any other court, or of any pending arbitration or administrative proceeding.

Dated: November 11, 2022

**FREEMAN, MATHIS & GARY, LLP**
*Attorneys for Plaintiff,*
*Evanston Insurance Company*

Paul Piantino III, Esq.